## No. 10,819.

### C. H. PARKER, STATE TAX COLLECTOR, VS. NEW ORLEANS GAS LIGHT COMPANY.

The Board of Assessors is authorized, if property be omitted in the assessment of any year or improperly described, to assess it, provided three years have not elapsed, and the assessment shall appear upon a supplemental roll, and be filed as a regular tax roll.

The tax payer having, by his return of property he claimed to own, obtained an exemption to which he had no right, on discovering the error, it can be corrected.

The misdescription having resulted in the omission of the property from the roll, the Board of Assessors had the power to assess it on a supplemental roll after due notice.

A PPEAL from the Civil District Court for the Parish of Orleans. *Rightor*, J.

*Wynne Rogers* for Plaintiff and Appellee.

*Buck, Dinkelspiel & Hart* for Defendant and Appellant:

1. The only body that has the power to increase the amount of assessments in the parish of Orleans is the Assessment Committee of the City Council. Act of 1888, Sec. 26.

. The Board of Assessors has power to assess on supplemental rolls, omitted property, property improperly described or assessed in the wrong name. Id., Sec. 11.

3. It has no power to increase assessments; this power is vested in others. Id., Secs. 23-26.

4. The City Council committee has no authority to make an original assessment. 38 An. 958.
   Its powers are only to increase or reduce assessments; *ergo*, the Board of Assessors has no such power.

5. An assessment without law, or in violation of law, is void. 35 An. 845; 42 An. 428.

The opinion of the court was delivered by

BREAUX, J. The State tax collector of the first district of New Orleans, proceeded by rule, under Sec. 54 of Act No. 85 of 1888, against the New Orleans Gas Light Company to compel the delivery to him of property to pay taxes and interest, claimed to be due to the State for 1889, amounting to $9321.21.

The defendant denies any indebtedness, and alleges that it has paid all taxes for the year 1889 that were properly assessed, and that part of the taxes paid were those upon an assessment of its capital stock against the stockholders of the company.

48

The defendant company furnished a statement under oath, and returned it to the assessor before the 1st day of May, 1889, of amounts to be deducted from value of stock.

All property owned by the company was assessed directly to it, and that, with the assessed value of property returned as exempt, was deducted from the shares of stock.

· After the deduction of property owned by the company and property exempt had been made the stock was assessed at $6.45 33-100 per share, making an aggregate of $24,200 as the assessed value of the stock.

The property owned by the company amounted to $2,189,914.

The property the company claimed was exempt amounted to $1,282,886.

This last sum is represented by stock owned by A. H. Sieward personally, and carried in the company's return as " stock and bonds of corporations," amounting to $781,470, and 5380 shares of the New Orleans Gas Company stock, amounting to $503,030, belonging to D. D. Withers.

The assessors, in making up the original assessment in the returned list of the defendant company, made a deduction of these two items from the shares of stock of the corporation. The assessment for that year was closed. Some time, after the Board of Assessors discovered that the Gas Company had, by its sworn statement, obtained the exemption of property to which it had no right.

The incorrectness of the return was acknowledged by the defendant, and the fact that it did not then, nor at any time prior, own the exempted property.

The shares of " stock in other corporations," amounting to $781,-470, had been assessed and the taxes paid by the companies. Also the 5380 shares of the New Orleans Gas Company were deducted from value of property belonging to the company, although not its property.

In October, 1889, the Board of Assessors notified the defendant to furnish a sworn detailed statement, to serve as a basis of a supplemental assessment, of all property held by it and to explain why exemption from taxation was claimed on the shares of stock in the name of D. D. Withers.

No statement or explanation was made and the acknowledgment of *non*-ownership remained.

November 13, 1889, a reassessment was ordered, after a notice of twenty days had been given to the defendant to make a supplemental return.

The reassessment was made, increasing the assessment against the shares of stock of the defendant company from $6.45 33-100 to $40.66 36-100 per share.

Notice was given of this assessment to the stockholders by publication in two of the city papers.

From a judgment maintaining the legality of this assessment the defendant appeals.

It is necessary to determine whether this is an increase of assessment on property originally listed, valued and assessed.

If it was, the assessors had no right to increase the amount. Property can not be reassessed for the purpose of increasing the evaluation.

If it was not included in the original assessment the supplement was proper and legal.

The shares were susceptible of division or of being assessed in part, and the remainder could be exempted from the payment of the taxes.

The part of the stock exempted, at the active instance of the company, never was assessed.

There was an error of fact on the part of the Board of Assessors, brought about by an improper return.

The board acted on the mistaken belief in the existence of title, where there was none, not even the semblance of one.

It is not a question of under-valuation, nor an error as to the quality, or as to the substance of the property, but a void exemption.

It has never been assessed, owing to a return made by the defendant; the incorrectness of which, when shown, makes it impossible for it to maintain the position that it has been assessed.

How could property have been assessed the defendant declared was not assessable and whose declaration was accepted as correct, until discovery was made that it was incorrect?

The defendant relies on the case of Mercier vs. City of New Orleans, 38 An. 958, in which it was decided that the City Council of New Orleans had power to revise valuations and correct descriptions of property actually assessed and entered upon the rolls by the Board of Assessors, but that it is not authorized to make

original assessments or to list property which the board has omitted from the rolls.

The omissions, the court holds, in said case are to be corrected by the Board of Assessors.

In the pending case also there was omission.

The defendant contends that the assessment is a judgment, and that if it be a judgment it is binding on the State.

Granted that it has all the effect claimed. It only embraced the property assessed and settles questions relating to its listing, assessment and taxation; but it is not so far reaching as to protect from taxation property that would not have been exempted had a correct return been made by the tax payer.

It is contended that payment had been made.

This payment did not include omitted property.

There is no identity in so far as relates to taxation between the property assessed and that erroneously exempted.

Payment was made on the former only.

The statute directs, if property be omitted in the assessment of any year, the same when discovered shall be assessed, provided three years have not elapsed; further, that such assessment shall appear upon a supplemental roll, filed as a regular tax roll.

Similar direction is made if the property is improperly described.

Whether the property is absolutely omitted from the roll or described to escape assessment the result is the same, and in both cases the statute applies.

The time to make the reassessment is only limited by three years.

The authority can not be questioned.

" Statutes authorizing a reassessment and a levy of taxes for a former year where property has been omitted from the rolls can not be objected to upon the ground that they unlawfully divest the title to property or impair the obligation of contracts." Wade on Retroactive Laws, Sec. 253; 17. How. 456.

The notices have been given; the defendant was called upon to make another return; the roll was filed, and advertisement made.

There was no ground for the exemption.

The first item did not belong to the company; the second being the shares of a stockholder could not be deducted for the purpose of securing exemption.

The judgment must be affirmed.

It is affirmed at appellant's costs.

Tax Collector vs. Gas Light Co.

ON MOTION TO REMAND.

BREAUX, J.   The defendant has filed in this court a rule to remand this cause to the Civil District Court, in order that the fact of the readjustment of the assessment against it may be established by proper evidence and in order that such proceedings may be had thereafter as the nature of the case requires.

The plaintiff opposes the rule.

An assessment was made originally based on the list of taxable property, sworn to and returned by the defendant company.

It is contended by the plaintiff that the list of taxable property was accepted as correct; that deductions of the total value of said property was made, and the amount assessed shareholders was fixed.

The gas company paid taxes on this assessment.

Some time after the roll had been delivered the Board of Assessors questioned the correctness of the omission from the assessment roll of 5380 shares of the New Orleans Gas Company, and notified the company that they did not belong to it; that it was the property of D. D. Withers, and that the stock and bonds of $781,470 belonged to the president of the company individually.

It was proven, the plaintiff urges, that the defendant company did not own these values.

After due notice the Board of Assessors, under the provisions of Sec. 11 of Art. 85 of 1888, made a supplemental assessment of this omitted property.

A rule was filed to compel the defendant to pay taxes on this supplemental assessment.

The defendant filed an answer denying the right of the plaintiff to recover, and alleged payment of the tax as assessed.

The District Court maintained the supplemental assessment.

The judgment was affirmed on appeal.

It is pending before this court on an application for a rehearing.

Since the decision it is alleged, by rule, that the whole assessment has been readjusted, and application is made to remand the cause in order that the readjustment may be proven.

We will not remand the cause on this separate rule.

. We will consider the questions presented together, those made on the application for a rehearing and those made in support of the question to remand.

If it appears on the reconsideration of the cause that it should be

remanded, as moved for, in the rule, or that an error has been committed in our opinion, the cause will be remanded or a rehearing will be granted, as the case may require. One hearing will suffice. In thus deciding we refer to 43 An. 219, in point.

The application to remand is cumulated with the proceedings for a rehearing and will be considered at the same time.

### ON APPLICATION FOR A REHEARING.

BREAUX, J. The defendant for a rehearing states:

It was error: "In not holding that if the making of the supplemental roll in the manner and form in which it was done was within the power of the Board of Assessors, that same was not clothed with the forms of law in such cases made and provided, and therefore invalid."

This point relative to form urged in argument has not been overlooked by the court, although not in the pleadings.

The defence is set forth in the answer, in which the company denies all indebtedness, and further, defendant alleges that it has paid to the State all taxes according to the assessments duly and regularly made, including and embracing taxes on assessment on the capital stock as against the stockholders.

On the trial the record discloses the following:

Plaintiff's counsel offered the supplemental assessment roll for the year 1889, of assessment against the shareholders of the New Orleans Gas Light Company.

Counsel for the defendant objected to "any testimony in this case offered in behalf of the assessors or the State tax collector to show taxes based upon a so-called supplemental or exceptional assessment, on the ground that the rule taken in this case is one simply to point out property to pay taxes assessed against the defendant."

The court overruled the objection and admitted the roll.

No objection as to the form of the supplemental roll was made.

The matter of form, urged in argument, is only that the notice and delay to make a supplemental assessment was not given and advertisement was not made.

Notice was given to the defendant to show cause in twenty days why a supplemental assessment should not be made.

Instead of showing cause as directed, the defendant's president admitted that the property exempt from taxation, which was de-

ducted from the assets of the company, as so much of its property exempt, did not belong to the company.

The company had, in matter of assessment, received credit for a large amount, to which it had no title.

After the delay granted, and the appearance made as just mentioned, the supplemental assessment was made.

Notice of the filing of the supplemental assessment was advertised *ten* days.

The defendant contends that it should have been twenty days, the time required it is asserted to advertise the original roll.

Sec. 11 of Revenue Act of 1888 provides that if any property has been omitted, the same, when discovered, shall be assessed by the assessor or tax collector for the period for which it had been omitted; and that no back taxes for more than three years shall be assessed, and that the assessment appear upon a supplemental roll and shall be filed in the manner as regular tax roll.

Nothing is said of advertisement in said section.

Sec. 21 of the same act applies to the regular roll closed on or before the first day of June in each year, and requires that immediately thereafter notice by publication shall be given for the period of *ten* days.

Sec. 24 of the said act, to which our attention is directed, makes no mention of publication.

It directs " and said lists will be exposed in the office of the Board of Assessors for inspection and correction for a period of twenty days, beginning next after publication of said notice."

The only applying section is 21 of the said act, in which the duration of the advertisement is expressed in terms too plain to be mistaken.

This section, in so far as it relates to advertisements, applies to the supplemental assessments as well as to the regular rolls.

The defendant for a rehearing urges:

" As the same law requires the same formalities for the reassessment as for the original assessment, *ten days'* publication when the law requires *twenty days'* publication, is no more than if no publication had been made at all."

This ground is untenable, and arises from a mistaken application of the period allowed for "inspection and correction" to the "notice by publication."

With reference to the readjustment alleged to have been made by the Board of Assessors since the case has been submitted for decision on appeal:

The matter had passed out of the hands of the said board.

The roll was filed in the office of the recorder of mortgages; in the office of the auditor of the State, and in that of the tax collector.

The assessment and the supplemental assessment had, at the time of the attempted readjustments, the effect of a judgment, and secured a mortgage in favor of the State.

They could not be annulled or amended by the assessors, from whose hands they had passed.

The defendant pleaded payment of the taxes assessed under the original roll.

Payment of the taxes on that roll admitted its correctness.

The plea of payment protects that roll from amendment or change, even by the courts.

As to the supplemental assessment, it was no longer readjustable by the said board.

If the defendant pays more than its share of the common burden for 1889, it is because it has not made timely objection to the valuation of its property.

At present the only answer to the argument made is: *Ita lex scripta est.*

Rehearing refused.